**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILISSA ANN SARGENT,<br><br>                          Plaintiff,<br><br>v.<br><br>SOUTHERN CALIFORNIA EDISON 401(k) SAVINGS PLAN, et al.,<br><br>                         Defendants. | Case No. 20-cv-1296-MMA (RBB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Doc. No. 18] |

      Milissa Ann Sargent ("Plaintiff") seeks relief under the Employee Retirement Income Security Act of 1974 ("ERISA"). Doc. No. 1 ("Compl.").[1] Defendants Edison 401(k) Savings Plan ("Plan"), Southern California Edison Company Benefits Committee ("Committee"), Plan Administrator of the Edison 401(k) Savings Plan ("Plan Administrator"), and Southern California Edison Company ("Company" or "SEC") (collectively, "Defendants")[2] move for judgment on the pleadings pursuant to Federal

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

[2] Plaintiff refers to several of these Defendant-entities using slightly different names. *See* Compl. In their motion, Defendants note that several of the entities were incorrectly named. *See* Doc. No. 18 at 2. In her opposition to Defendants' motion, Plaintiff refers to Defendants using their preferred names. *See* Doc. No. 20 at 6. Accordingly, the Court adopts Defendants' entity names preferred by Defendants and

Rule of Civil Procedure 12(c).  *See* Doc. No. 18.  Plaintiff filed an opposition to Defendants' motion, and Defendants replied.  *See* Doc. Nos. 20, 21.  The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1.  *See* Doc. No. 22.  For the reasons set forth below, the Court **GRANTS** Defendants' motion.

## I. B<small>ACKGROUND</small>[3]

Plaintiff's action arises from "the wrongful denial of benefits due and owing to her under the Plan."  Compl. ¶ 5.

When Plaintiff and Greg Sargent's ("Mr. Sargent") marriage dissolved in 2008, they entered into a marital settlement agreement ("MSA").  *Id.* ¶ 12; *see also id.* ¶ 2.  Pursuant to the MSA, "Plaintiff was awarded and is entitled to a portion of Mr. Sargent's benefits under the Plan."  *Id.* ¶ 13.  In March 2008, Mr. Sargent provided a copy of the MSA to the Plan Administrator, who accepted the MSA as a "valid qualified domestic relations order ('QDRO')."  *Id.* ¶ 14.[4]  Defendants did not notify Plaintiff that the MSA was accepted as a QDRO or that "a purported 'domestic relations order' had been submitted to them for division of Mr. Sargent's benefits under the Plan dictating that a

---

subsequently used by Plaintiff.  *See Sargent v. S. California Edison 401(k) Sav. Plan*, No. 20-CV-1296-MMA (RBB), 2020 WL 6060411, at *1 n.2 (S.D. Cal. Oct. 14, 2020) (Doc. No. 16 at 2 n.2).

[3] Because this matter is before the Court on a motion for judgment on the pleadings, the Court must accept as true the allegations set forth in the complaint and treat as false the allegations set forth in the answer that contradict the plaintiff's allegations.  *See Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 n.2 (9th Cir. 1992).  Accordingly, given that the Complaint remains the operative pleading, the Court repeats the background section provided in the Court's previous dismissal order where appropriate.  *See* Doc. No. 16 at 2–4.

[4] In their instant motion, Defendants seek to incorporate by reference various documents attached to their previous motion to dismiss.  *See* Doc. No. 18 at 7, 7 n.1.  To the extent the Court considers or relies upon "the MSA, QDRO, the Plan document, and other materials cited herein in the Complaint," Doc. No. 8 at 4–5 n.2, the Court "finds that it may consider the documents under the incorporation-by-reference doctrine because these claim-related documents are extensively relied upon by Plaintiff in her Complaint or otherwise form the basis of her ERISA claims and she does not challenge the documents' authenticity."  *Sargent*, 2020 WL 6060411, at *1 n.5 (Doc. No. 16 at 3 n.5).

portion thereof to be assigned to Plaintiff." *Id.* ¶ 15.  Further, Defendants did not notify Plaintiff of the Plan's "written procedures for determining the 'qualified' status of a domestic relations order" or notify Plaintiff "how she would like to elect her awarded portion of the benefits under the Plan to be paid and/or distributed to her." *Id.* ¶¶ 16, 17.

Based on the MSA, Plaintiff filed a claim for benefits under the Plan on March 20, 2019. *Id.* ¶ 19; Doc. No. 8-1 at 26 (claim request).  The Committee denied Plaintiff's claim on June 17, 2019.  Compl. ¶ 20; Doc. No. 8-2 at 44–53 (claim denial).  Plaintiff subsequently appealed the Committee's denial, and the Committee denied the appeal on December 3, 2019.  Compl. ¶¶ 21–22; Doc. No. 8-2 at 72–76 (appeal denial).  In issuing its denial of Plaintiff's claim and appeal, the Committee asserted that "the benefits awarded Plaintiff have already been paid and/or distributed in some manner to Plaintiff."  Compl. ¶ 23.  However, Plaintiff alleges that the Committee failed to provide any proof that the benefits were paid or distributed to Plaintiff, and none of the benefits awarded to Plaintiff under the Plan have been paid or distributed to Plaintiff.  *Id.* ¶¶ 23–34.

Plaintiff filed this action on July 10, 2020.  *See generally id.*  Plaintiff brought three causes of action against Defendants: (1) an ERISA claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B); (2) an ERISA breach of fiduciary duty claim pursuant to 29 U.S.C. §§ 1104, 1132(a)(3); and (3) declaratory relief.  *See id.* ¶¶ 27–56.  Defendants moved to dismiss each cause of action under contractual or statutory limitations grounds pursuant to ERISA and Federal Rule of Civil Procedure 12(b)(6).  *See* Doc. No 8.  The Court granted in part and denied in part Defendants' motion.  *See* Doc. No. 16.  In particular, the Court dismissed Plaintiff's § 1132(a)(1)(B) benefits claim without leave to amend because it was time-barred.  *See id.* at 12, 20.  Plaintiff's § 1132(a)(3) breach of fiduciary duty and its derivative declaratory relief claim remained.  *Id.* at 20.  The parties did not argue whether Plaintiff pleaded sufficient facts to sustain a plausible § 1132(a)(3) claim, so the Court refrained from addressing the issue.  *See id.* at 19.  Defendants then filed an Answer to Plaintiff's Complaint.  *See* Doc. No. 17.

Defendants now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* Doc. No. 18. Defendants argue that Plaintiff fails to state a claim upon which relief may be granted under ERISA and, thus, the remaining causes of action should be dismissed. *See id.* at 2, 8–9.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In assessing a Rule 12(c) motion, courts accept the complaint's allegations as true and treat the answer's allegations that contradict the complaint's allegations as false. *See Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d at 1301 n.2. In reviewing a Rule 12(c) motion, courts must construe factual allegations in the light most favorable to plaintiffs. *See id.* "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (brackets omitted) (quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Id.* (quoting *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

550 U.S. at 555, 557). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *See United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). "However, [courts] are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (citing *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996)).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

### III. D<small>ISCUSSION</small>

Plaintiff's remaining two causes of action are (1) an ERISA breach of fiduciary duty claim against the Committee, the Plan Administrator, and the Company and (2) a derivative declaratory relief claim. Compl. ¶¶ 38–50. The Court considers each claim in turn.

**A. ERISA Breach of Fiduciary Duty Pursuant to 29 U.S.C. §§ 1104, 1132(a)(3)**

Defendants argue that Plaintiff fails to state a claim for injunctive relief because Plaintiff's claim fails to allege irreparable harm, inadequate relief at law, and future harm. *See* Doc. No. 18 at 11–13; *see also* Doc. No. 20 at 8–9. Defendants further assert that Plaintiff's sought injunctive relief claim fails because it is a duplicative remedy to Plaintiff's dismissed § 1132(a)(1)(B) claim. *See* Doc. No. 18 at 13–14; *see also* Doc. No. 21 at 2–3, 6. Similarly, Defendants contend that Plaintiff's claim for equitable monetary relief is duplicative in light of the Court's dismissal of her § 1132(a)(1)(B) claim. *See* Doc. No. 18 at 15, 18. Additionally, rebutting Plaintiff's argument that Defendants concealed facts about the distribution of Plan benefits, *see* Doc. No. 20 at 7, 13, 15, 15 n.8, Defendants reply there are no allegations of concealment in the Complaint and Plaintiff should not be allowed to raise this issue for the first time in opposition to the instant motion. *See* Doc. No. 21 at 6.

Plaintiff responds that the fiduciary duty claim is properly pleaded as an alternative theory of recovery. *See* Doc. No. 20 at 10–11, 13. Plaintiff notes that any potential for duplicative recovery is mitigated because of the Court's dismissal of her § 1132(a)(1)(B) claim. *See id.* at 11, 13, 19, 22–23. In arguing that Defendants should be enjoined from engaging in misconduct, Plaintiff asserts that the Committee's "arbitrar[y] and capricious[]" denials of her claim and appeal were based on no supportable evidence and, thus, constituted a breach of their fiduciary duties. *Id.* at 14; *see also id.* at 19. Plaintiff further asserts that denial of paying ERISA benefits constitutes a basis for finding irreparable harm. *See id.* at 17.

The Court proceeds by assessing the current scope of Plaintiff's fiduciary duty claim, whether she pleads sufficient facts to support her claim, and whether her allegations can sustain her requested relief.

**1. Status of Plaintiff's Fiduciary Duty Claim**

As a threshold matter, the parties disagree over what parts of Plaintiff's fiduciary duty claim remain.  Plaintiff argues that Defendants' alleged failure to notify or provide information to Plaintiff regarding the Plan "necessarily implies a form of 'concealment.'" Doc. No. 20 at 15 n.8 (referring to the allegations at Compl. ¶¶ 42–45 and 29 U.S.C. § 1113); *see also id.* at 7, 13, 15.  Plaintiff appears to argue that concealment tolls Defendants' alleged conduct from 2008 until 2019 when Plaintiff discussed the issue during her internal claim and appeal.  *See id.* at 15 n.8.  Defendants respond that Plaintiff cannot argue concealment for the first time here to toll the alleged 2008 actions.  *See* Doc. No. 21 at 6.  Defendants argue that Plaintiff fails to allege concealment in her Complaint.  Moreover, Defendants contend that the Court found the alleged 2008 conduct to be time-barred in its previous order ruling on the motion to dismiss.  *Id.* at 7 (quoting Doc. No. 16 at 18).

The Court's previous order outlined the statute of limitations for breach of a fiduciary duty under ERISA.  *See* Doc. No. 16 at 17.  Actions for breach of a fiduciary duty under ERISA "must be filed within one of three time periods, each with different triggering events." *Intel Corp. Inv. Policy Comm. v. Sulyma*, 140 S. Ct. 768, 774 (2020). The third period "applies 'in the case of fraud or concealment.'" *Id.* (quoting 29 U.S.C. § 1113).  The period "begins when the plaintiff discovers the alleged breach," and the plaintiff must file the action within six years of "the date of discovery." *Id.* (quoting 29 U.S.C. § 1113).

To run the statute of limitations under concealment grounds, the plaintiff must allege "affirmative steps of concealment." *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1006 (N.D. Cal. 2015).  "The 'fraud or concealment' exception . . . does not apply simply because an ERISA fiduciary fails to disclose material information." *Id.* (quoting *DeFazio*

*v. Hollister, Inc.*, 636 F. Supp. 2d 1045, 1058 (E.D. Cal. 2009) (citing *Kanawi v. Bechtel Corp.*, 590 F. Supp. 2d 1213, 1226 (N.D. Cal. 2008)); *see also Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397, 1401–02 (9th Cir. 1995) (holding that the plaintiffs' claim did not fall within the "fraud or concealment" exception because they failed to produce "evidence of affirmative steps" of concealment). The exception "only applies when a defendant has 'taken steps to *hide* [its] breach of fiduciary duty.'" *Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1057 (9th Cir. 2020) (quoting *Barker*, 64 F.3d at 1402). The plaintiff carries the burden to show the defendant's affirmative conduct "would . . . lead a reasonable person to believe that he did not have a claim for relief." *Id.* (quoting *Barker*, 64 F.3d at 1402) (citing *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012)).

Opposing Defendants' previous motion to dismiss, Plaintiff argued that her claim was timely under § 1113(1) and § 1113(2). *See* Doc. No. 11 at 19–30. Notably, Plaintiff failed to argue that the claim was timely under the "fraud or concealment" exception despite delving into every other subsection of § 1113. In particular, Plaintiff explicitly narrowed the scope of her claim to help her claim survive. The Court quotes from its previous order:

> Here, Plaintiff alleges several actions that breached Defendants' fiduciary duties, some of which appear to involve breaches occurring in or around 2008. However, in her opposition brief, Plaintiff clarifies and emphasizes that the alleged breach "arises out of the arbitrary and capricious denial of Plaintiff's claim for benefits and . . . denial of Plaintiff's appeal of that decision *in 2019*." Thus, the Court narrows its analysis to the allegations surrounding Plaintiff's claim and appeal denial.

Doc. No. 16 at 18 (citations omitted) (quoting Doc. No. 11 at 19) (citing Compl. ¶¶ 42–45); *see also* Doc. No 11 at 19, 21–22, 22, 23, 26, 27, 28, 29.[5]  The Court found that "[b]ecause Plaintiff's allegations center on the fiduciaries' breaches surrounding the 2019 claim and appeal denials, Plaintiff's fiduciary breach claim is not time-barred under § 1113's six-year or three-year limitations periods."  Doc. No. 16 at 19.  The Court will not permit Plaintiff to broaden the scope of her claim to survive dismissal on the claim's substance when she previously narrowed the scope of her claim to survive dismissal on statute of limitations grounds.  *Cf. Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009) (quoting *Davis v. City of Las Vegas*, 478 F.3d 1048, 1058 (9th Cir. 2007)) ("A party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue and instead chooses a position that removes the issue from the case.").  Such artful repositioning will not be entertained.  Accordingly, the Court's previous order permitted Plaintiff's fiduciary duty claim to go forward because it was not time-barred and limited—based on Plaintiff's own representations—to Defendants' denial of benefits in 2019.

In addition to failing to raise the "fraud or concealment" exception in opposing Defendants' motion to dismiss and narrowing her claim, Plaintiff has failed to plead facts showing how Defendants took affirmative steps to hide their breach of fiduciary duty. Plaintiff's allegations surrounding 2008 aver that Defendants failed to "notify Plaintiff that the MSA had been accepted as a valid QDRO under applicable laws, or that the

---

[5] Throughout her opposition to Defendants' motion to dismiss, Plaintiff clearly narrowed her claim.  For example, Plaintiff argued the following:

> As noted throughout Plaintiff's Complaint and this Opposition, Plaintiff's breach of fiduciary duty claim arises out of the arbitrary and capricious manner in which the Committee improperly and wrongfully denied Plaintiff the benefits due and owed to her under the Plan, which took place in 2019; it does not, as Defendants represent to the Court, focus on the alleged issuance of checks in 2008.

Doc. No. 11 at 23.

QDRO . . . had been submitted to them for division of Mr. Sargent's benefits under the Plan with a portion thereof to be assigned to Plaintiff"; "send Plaintiff a copy, or otherwise notify Plaintiff, of the Plan's written procedures for determining the 'qualified' status of a domestic relations order as required by law"; "send Plaintiff any sort of request or notification concerning how she would like to elect her awarded portion of the benefits under the Plan to be paid and/or distributed to her"; or, otherwise before 2019, provide Plaintiff with information about "the division of Mr. Sargent's benefits under the Plan and Plaintiff's award to a portion of such benefits, and the alleged assignment and payment and/or distribution of such awarded portion of the benefits thereunder . . . or that such awarded portion of such benefits had been paid and/or distributed to her." Compl. ¶¶ 42, 43, 44, 45. Plaintiff's allegations merely show that Defendants' failed to disclose material information. Plaintiff does not show how Defendants took affirmative steps to hide a breach of fiduciary duty. A mere failure to disclose information falls short of showing affirmative steps of concealment. *See Guenther*, 972 F.3d at 1057; *Barker*, 64 F.3d at 1401–02; *Yamauchi*, 84 F. Supp. 3d at 1006. Therefore—even if the Court were to entertain Plaintiff's concealment argument—Plaintiff has not carried her burden to toll her fiduciary breach claim under § 1113's "fraud or concealment" exception.

Accordingly, Plaintiff's fiduciary breach claim survived dismissal on statute limitations grounds to the extent it was premised on "the arbitrary and capricious denial of Plaintiff's claim for benefits and . . . denial of Plaintiff's appeal of that decision in 2019." Doc. No. 16 at 18 (emphasis omitted) (quoting Doc. No. 11 at 19). After assessing the scope of Plaintiff's fiduciary duty claim, the Court proceeds to apply the Rule 12(c) standard to determine whether Plaintiff states a viable claim.

**2. Whether Plaintiff States a Viable Claim**

The Court now turns to whether Plaintiff has alleged her breach of fiduciary duty claim with respect to the "the arbitrary and capricious denial" of benefits.

A participant, beneficiary, or fiduciary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or

(B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).  The Supreme Court interpreted "appropriate equitable relief" to mean "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996); *see also Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 959 (9th Cir. 2016) ("Courts have subsequently interpreted *Varity* to mean that equitable relief under § 1132(a)(3) is not available if § 1132(a)(1)(B) provides an adequate remedy.").  To state a claim for an ERISA breach of fiduciary duty under § 1132(a)(3), a plaintiff must allege the following elements: (1) the defendant was an ERISA fiduciary under the plan, (2) the defendant breached its ERISA-imposed fiduciary duty, and (3) the breach caused harm to the plaintiff.  *See Mathews v. Chevron Corp.*, 362 F.3d 1172, 1178 (9th Cir. 2004) (quoting *Varity Corp.*, 516 U.S. at 498, 506); *LYMS, Inc. v. Millimaki*, No. 08-cv-1210-GPC-NLS, 2013 WL 1147534, at *9 (S.D. Cal. Mar. 19, 2013) (citing *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 465 (7th Cir. 2005)).

Plaintiff presents some of the following allegations regarding the arbitrary and capricious denial of benefits:

> 23.  Defendant Committee alleges in its denial of Plaintiff[']s administrative claim and appeal that the benefits awarded [to] Plaintiff have already been paid and/or distributed in some manner to Plaintiff; however, in its denial of Plaintiff's administrative claim and appeal, Defendant Committee has utterly failed to provide any definitive proof that such benefits were in fact actually paid and/or distributed to Plaintiff in any manner.
>
> 24.  Indeed, none of [the] benefits awarded [to] Plaintiff under the Plan pursuant to the MSA (and the QDRO which, upon information and belief, and based thereon alleged, was accepted by the Defendants to be a valid and "qualified" domestic relations order) have in fact been paid and/or

> distributed in any manner whatsoever to Plaintiff, nor have such been received by Plaintiff at any time.
>
> [. . .]
>
> 47. Most of all, the Committee's arbitrary and capricious denial—based on *no evidence whatsoever* that the Plan benefits in dispute were ever paid and/or distributed to Plaintiff at any time—of Plaintiff's administrative claim and appeal for the Plan benefits rightfully due and owing to her pursuant to the MSA/QDRO constitutes, at a minimum, a failure on the part of the Committee: (a) to act in the interest of Plaintiff for the exclusive purpose of providing her Plan benefits rightfully due and owing to her pursuant to the MSA/QDRO; (b) to discharge its duties with the care, skill, prudence, and diligence required of it under the circumstances; and/or (c) to act in accordance with documents and instruments governing the Plan.

Compl. ¶¶ 23–24, 47. After Plaintiff narrowed her claim, these allegations boil down to the following: Defendants' arbitrary and capricious denial of benefits breached their fiduciary duty to Plaintiff because the denial was based on no evidence that the benefits were ever paid to Plaintiff. In particular, Plaintiff claims Defendants breached their fiduciary duties of loyalty, care, and management. *See id.* ¶ 47.

### i. Whether Plaintiff Alleges Sufficient Facts to Sustain Her Claim

In assessing Plaintiff's claim for breach of fiduciary duty under ERISA, the Court first examines whether she pleads sufficient facts to sustain a plausible claim.

In analyzing the viability of Plaintiff's claim, the Court must put aside conclusory allegations and formulaic recitations of a claim's elements. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).[6] Taking this principle into consideration, the Court finds that Plaintiff's claim that the denial of benefits was "arbitrary and capricious," Compl. ¶ 47, is conclusory. *Cf. Baluch v. Kerry*, No. CV 16-1094-GHK

---

[6] The Court declines to apply the outdated and abrogated *Conley* "no set of facts" pleading standard relied upon by Plaintiff. *Compare* Doc. No. 20 at 8, *with Twombly*, 550 U.S. at 562–53, *Henry v. Adventist Health Castle Med. Ctr.*, 970 F.3d 1126, 1132 (9th Cir. 2020), *and Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.6 (9th Cir. 2011).

(JCx), 2016 WL 10988655, at *4 (C.D. Cal. July 6, 2016) (finding that the plaintiff did not show the government acted in bad faith in denying a visa, in part, where the plaintiff alleged the denial was "arbitrary and capricious" because such labels are "conclusory" and "lack any factual underpinnings"). Additionally, the itemized alleged breaches of loyalty, care, and management, *see* Compl. ¶ 47, are similarly conclusory. They closely parallel the language of an ERISA section addressing the standard of care for fiduciaries: "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . (A) for the exclusive purpose of . . . providing benefits to participants and their beneficiaries"; "(B) with the care, skill, prudence, and diligence under the circumstances"; and "(D) in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104 (a)(1). The itemized list in paragraph forty-seven of the Complaint is a mere recitation of how fiduciaries should discharge their duties under § 1104. *Compare* Compl. ¶ 47, *with* 29 U.S.C. § 1104 (a)(1). Plaintiff's Complaint lacks facts showing how Defendants' claim denial was not solely in the interest and for the exclusive purpose of providing benefits to Plaintiff; was not issued with care, skill, prudence, and diligence; or was not in accordance with the Plan.

Plaintiff rests her claim on the allegation that Defendants' denial of benefits was "based on *no evidence whatsoever* that the Plan benefits in dispute were ever paid and/or distributed to Plaintiff at any time." Compl. ¶ 47. A court does not accept as true allegations contradicted by documents referred to in a complaint. *See Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (citing *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)); *Steckman*, 143 F.3d at 1295–96 (citing *In re Stac Electronics Securities Litigation*, 89 F.3d at 1403). Although Plaintiff pleads a clear fact regarding the lack of evidence, which the Court must otherwise assume as true, the Court does not accept the allegation's truth where it is contradicted by the claim and appeal denials, which are referenced in the Complaint and considered under the incorporation-by-reference doctrine. *See* Compl. ¶¶ 20, 22; Doc. No. 16 at 3 n.5; *supra* note 4.

The Court declines to delve into the substance of whether the claim and appeal denials were proper or the strength of Defendants' proffered evidence at this stage of the litigation. Rather, the Court merely examines whether the denials were based on "no evidence." The Plan Administrator pointed to the following evidence of a benefit distribution: the 1099-R form from January 2009, the June 2008 quarterly statement, and two checks cashed in May and June 2008. *See* Doc. No. 8-2 at 44–53 (claim denial). The Plan Administrator further noted that the claim was untimely. *Id.* After Plaintiff appealed and after noting the untimeliness of the claim, the Committee pointed to similar evidence in denying Plaintiff's appeal. Doc. No. 8-2 at 72–76 (appeal denial). Glancing at the claim and appeal denials clearly reveal that the denials were based on at least *some evidence*. Therefore, Plaintiff's allegation that the denials of her claim were based on *no evidence* is contradicted by documents incorporated into her Complaint. *Cf. Int'l Game Tech., Inc. v. Fed. Ins. Co.*, No. 3:13-cv-00026-RCJ-WGC, 2014 WL 580876, at *8 (D. Nev. Feb. 13, 2014) (dismissing a claim for breach of the implied covenant of good faith and fair dealing where the plaintiff's allegations were conclusory or contradicted by a document incorporated by reference).

In sum, considering how the allegations stand after Plaintiff narrowed her claim, the Court finds the Complaint lacks facts revealing how Defendants breached their fiduciary duty by simply denying Plaintiff's claim and appeal in 2019. For example, Plaintiff does not show how the denials mislead her, misrepresented the Plan's terms, or involved a failure to convey information. *See Schuman v. Microchip Tech. Inc.*, 302 F. Supp. 3d 1101, 1115–16 (N.D. Cal. 2018) (quoting *King v. Blue Cross & Blue Shield of Illinois*, 871 F.3d 730, 744 (9th Cir. 2017)) (noting some circumstances that constitute breach of ERISA fiduciary duties). Plaintiff does not demonstrate how the claim and appeal denials—in of themselves—undermined Defendants' duty of loyalty to act in Plaintiff's interest or benefit, duty of care in executing their obligations, or duty of management to act pursuant to the Plan and ERISA. *See* 29 U.S.C. § 1104(a)(1); *see also Rodriguez v. Prudential Ins. Co. of Am.*, No. 3:18-cv-5674-RBL, 2019 WL 1040406, at

*2 (W.D. Wash. Mar. 5, 2019) (quoting *Nielsen v. Unum Life Ins. Co. of Am.*, 58 F. Supp. 3d 1152, 1165 (W.D. Wash. 2014)) ("To state a claim for breach of fiduciary duties under ERISA, 'a plaintiff must allege that the denial of benefits is part of a larger systemic breach of fiduciary obligations in order to advance a claim for breach of fiduciary duty based on the denial of his individual benefits.'").

The Court finds that Plaintiff does not sufficiently allege that Defendants breached their fiduciary duties under ERISA. Therefore, Plaintiff has not pleaded an act or practice that violates ERISA or the Plan under § 1132(a)(3).

### ii. Whether Plaintiff Presents a Claim that Entitles Her to Equitable Relief

Regardless of whether Plaintiff pleads sufficient facts to sustain a claim for breach of fiduciary duty under ERISA, the Court turns to whether Plaintiff's claim—if properly pleaded—entitles Plaintiff to her sought relief. The parties dispute whether Plaintiff's § 1132(a)(3) fiduciary claim is duplicative of her dismissed § 1132(a)(1)(B) benefits claim. *See* Doc. No. 18 at 13–18; Doc. No. 20 at 18–25; Doc. No. 21 at 2–6.

Section 1132(a)(3) permits a beneficiary to bring suit to seek relief for individual beneficiaries harmed by a breach of fiduciary duty. *See Castillo v. Metro. Life Ins. Co.*, 970 F.3d 1224, 1229 (9th Cir. 2020) (quoting *Varity Corp.*, 516 U.S. at 492). An individual plaintiff bringing a § 1132(a)(3) claim "may seek 'appropriate equitable relief,' which refers to '"those categories of relief" that, traditionally speaking (*i.e.*, prior to the merger of law and equity) "were *typically* available in equity."'" *Id.* (quoting *CIGNA Corp. v. Amara*, 563 U.S. 421, 439 (2011)). Section 1132(a)(3) is a "'catchall' provision that acts as a safety net, offering appropriate equitable relief for injuries caused by violations that § 1132 does not elsewhere adequately remedy." *Moyle*, 823 F.3d at 959 (brackets omitted) (quoting *Varity Corp.*, 516 U.S. at 512). "Thus, a claimant may not bring a claim for denial of benefits under § 1132(a)(3) when a claim under § 1132(a)(1)(B) will afford adequate relief. Claims under § 1132(a)(1)(B) and § 1132(a)(3), however, 'may proceed simultaneously so long as there is no double

recovery.'" *Castillo*, 970 F.3d at 1229 (quoting *Moyle*, 823 F.3d at 961). Section 1132(a)(1)(B) and § 1132(a)(3) claims can proceed concurrently—as alternative remedies—if they seek nonduplicative, distinct remedies. *See Moyle*, 823 F.3d at 961.

Irrespective of Defendants' objections to Plaintiff requesting substantially duplicative remedies under § 1132(a)(1)(B) and § 1132(a)(3), Plaintiff cannot receive duplicative remedies. Previously, the Court dismissed Plaintiff's § 1132(a)(1)(B) claim without leave to amend because the claim was time-barred. *See* Doc. No. 16 at 12, 20. Thus, it is impossible for Plaintiff to be placed in a position to recover duplicative remedies because the two claims are no longer proceeding simultaneously—only the one fiduciary breach cause of action remains. *See Moyle*, 823 F.3d at 962 ("Here, Appellants seek the payment of benefits under § 1132(a)(1)(B), *but if that fails*, Appellants seek an *equitable remedy* for the breach of fiduciary duty to disclose under § 1132(a)(3). This is permitted . . . ." (emphasis added)). However, whether Plaintiff can ultimately attain equitable relief—in the form of injunctive relief or "other appropriate equitable relief"—depends on the nature of her allegations that, as of now, do not state a claim for breach of fiduciary duty under § 1132(a)(3). As her § 1132(a)(3) allegations currently stand, Plaintiff essentially seeks payment of her unpaid benefits.

Under her dismissed § 1132(a)(1)(B) benefits claim, Plaintiff sought compensatory damages equal to the amount of the unpaid benefits. *See* Compl. ¶¶ 37, 52. Under her § 1132(a)(3) fiduciary claim, Plaintiff seeks "appropriate equitable relief" such as to enjoin the acts underlying Defendants' fiduciary breaches and "to make Plaintiff whole." *See* Compl. ¶¶ 48, 53. In opposing the motion, Plaintiff appears to clarify this sought relief. Plaintiff argues that she seeks "to enjoin Defendants from abusing their discretion and thus breaching their fiduciary duties, as evidenced by the arbitrary, capricious, and unfair consideration of Plaintiff's internal claim and appeal for benefits." Doc. No. 20 at 21. Plaintiff further argues that she seeks equitable relief in the form of "equitable monetary relief" and "any and all appropriately equitable relief available to her under ERISA." *Id.* at 22 n.11. Regardless of the phrasing, Plaintiff's ultimate desired remedy

boils down to the payment of the denied benefits that she alleges she never received from Defendants. *See* Compl. ¶ 47 (alleging that the failure to pay Plan benefits under the MSA/QDRO breached Defendants' fiduciary duty); *see also Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 661 (9th Cir. 2019) (quoting *Mathews*, 362 F.3d at 1185) ("[W]e must 'look to the "substance of the remedy sought rather than the label placed on that remedy."'").

Section § 1132(a)(3) is a safety net to remedy injuries where § 1132 does not elsewhere provide an adequate remedy. *Moyle*, 823 F.3d at 959 (quoting *Varity Corp.*, 516 U.S. at 512). Taking into consideration the current status of her Complaint, Plaintiff pleads an injury that § 1132(a)(1)(B) adequately and clearly remedies. However, § 1132(a)(1)(B) can no longer provide relief because Plaintiff did not file her claim within the proper timeframe. *See* Doc. No. 16 at 12. The Court previously found Plaintiff's claim was untimely even under the equitable tolling doctrine. *See id.* at 10–12. A § 1132(a)(3) fiduciary claim should not be used as an artifice to circumvent a time-barred § 1132(a)(1)(B) claim for benefits absent facts alleging a plausible breach of fiduciary duty. *See Varity Corp.*, 516 U.S. at 515 ("[W]e should expect that *where Congress elsewhere provided adequate relief* for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" (emphasis added)); *see also Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) ("Because removal of the ERISA fiduciary is an available remedy under §§ 1109(a) and 1132(a)(2), [the plaintiff] may not resort to this equitable catchall provision to seek the same relief."); *Josef K. v. California Physicians' Serv.*, No. 18-cv-06385-YGR, 2019 WL 2342245, at *8 (N.D. Cal. June 3, 2019) ("[Section 1132(a)(3)] has been characterized as a 'catchall' provision, and normally is invoked by a plaintiff *where relief is not provided elsewhere in the statute*." (emphasis added)); *Filarsky v. Life Ins. Co. of N. Am.*, 391 F. Supp. 3d 928, 946 (N.D. Cal. 2019) (granting the plaintiff's motion for judgment as to his benefits claim but denying the motion as to his § 1132(a)(3) claim where his breach of fiduciary duty theory was grounded in the

17

20-cv-1296-MMA (RBB)

defendant's refusal to pay benefits); *Berman v. Microchip Tech. Inc.*, No. 17-cv-01864-HSG, 2018 WL 732667, at *11 (N.D. Cal. Feb. 6, 2018) (dismissing a portion of a claim for injunctive relief under § 1132(a)(3) where the claim was available under § 1132(a)(1)(B)).  Therefore, Plaintiff currently has not alleged an injury entitling her to equitable relief under § 1132(a)(3).

### 3. Conclusion

Considering the current status of her allegations, Plaintiff has not pleaded a breach of fiduciary duty.  *See supra* Section III.A.1; *supra* Section III.A.2.i.  Because she does not plead a breach of fiduciary duty, Plaintiff does not state a claim entitling her to injunctive or other equitable relief available under § 1132(a)(3).  Accordingly, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiff's breach of fiduciary duty claim with leave to amend.

## B. Declaratory Relief

Defendants argue that Plaintiff's claim for declaratory relief premised under § 1132(a)(3) is barred.  *See* Doc. No. 18 at 19; *see also* Doc. No. 21 at 10.  Plaintiff responds that the claim survives because she alleges a viable § 1132(a)(3) claim.  *See* Doc. No. 20 at 25.

Plaintiff's declaratory relief claim is premised on her remaining ERISA claim.  *See* Compl. ¶ 50.  Because Plaintiff does not state a claim for breach of fiduciary duty, she does not state a claim for declaratory relief.  *See Circle v. W. Conference of Teamsters Pension Tr.*, No. 3:17-cv-00313-YY, 2017 WL 4102490, at *3 (D. Or. Aug. 31, 2017), r*eport and recommendation adopted sub nom. Trina Circle v. W. Conference of Teamsters Pension Tr.*, No. 3:17-cv-00313-YY, 2017 WL 4102584 (D. Or. Sept. 15, 2017) ("Plaintiff has attempted to assert stand-alone claims for declaratory judgment and rescission.  However, declaratory judgment and rescission are both remedies; they are not separate claims or causes of action."); *Barkett v. Sentosa Properties LLC*, No. 1:14-cv-01698-LJO-JLT, 2015 WL 502319, at *18 (E.D. Cal. Feb. 5, 2015) ("[T]he Court notes that declaratory relief is not an independent cause of action, but a remedy.").

Accordingly, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiff's declaratory relief claim with leave to amend.

### IV. C<small>ONCLUSION</small>

For the foregoing reasons, the Court **GRANTS** Defendants' motion for judgment on the pleadings and **DISMISSES** Plaintiff's breach of fiduciary duty and declaratory relief claims without prejudice and with leave to amend. The Court declines to enter judgment at this time. Plaintiff must file an amended complaint curing the deficiencies noted herein on or before **February 17, 2021**.

**IT IS SO ORDERED**.

Dated: February 2, 2021

HON. MICHAEL M. ANELLO
United States District Judge